IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 22-CR-1722-KWR |
| ) | |
| MARQUIS CRUZ, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court upon Defendant's Motion *in Limine* for a pretrial ruling to exclude testimony related to use versus distribution quantities of drugs. Doc. 66. For the reasons stated herein, the Court finds that Defendant's motion is **GRANTED IN PART**.

**BACKGROUND**

Defendant Marquis Cruz was indicted on a four count Indictment for possession with intent to distribute 40 grams and more of a mixture and substance containing fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924; using and carrying a firearm during and in relation to a drug trafficking crime, and possessing a firearm in furtherance of such crime in violation of 18 U.S.C. § 924(c)(1)(A)(i); and possession of a mixture and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 844.

**LEGAL STANDARD**

Federal Rule of Evidence 704(b) states, "[i]n a criminal case, an expert witness must not

state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charges or of a defense. Those matters are for the trier of fact alone." Fed.R.Evid. 704(b).

## DISCUSSION

Defendant asserts that Rule 704(b) bars expert testimony as to the subjective mental state of a defendant. Defendant claims that through Special Agent Bryan Acee, the United States seeks to elicit testimony that Defendant subjectively intended to distribute fentanyl because of the purported evidence discovered: 1,700 fentanyl pills and thousands of dollars of cash. Doc. 66 at 1-2. The United States argues that it does not seek to elicit from Special Agent Acee or any other witness, Defendant's subjective intentions regarding the purported fentanyl pills and large sums of cash. Doc. 72 at 1-2. Rather, the Government asserts that it intends to ask objective questions regarding fentanyl and the drug trade in Albuquerque and not Defendant's subjective intent. *Id*.

Under Tenth Circuit precedent, Rule 704(b) "only prevents experts from expressly stating the final conclusion or inference as to a defendant's actual mental state. The rule does not prevent the expert from testifying to facts or opinions from which the jury could conclude or infer the defendant had the requisite mental state." *United States v. Richard*, 969 F.2d 849, 854-44 (10th Cir. 1992) citing, *United States v. Dunn*, 846 F.2d 761, 762 (D.C.Cir.1988*); United States v. Alvarez*, 837 F.2d 1024, 1031 (11th Cir.), *United States v. Foster*, 939 F.2d 445, 454 (7th Cir.1991), *United States v. Dennison*, 937 F.2d 559, 565 (10th Cir.1991). "[Expert's] conclusions of the roles played by the defendants in the drug distribution business do not fall within the narrow range of opinions…prohibited under Rule 704." *U.S. v. Theodoropoulos*, 866

F.2d 587, 591 (3d Cir.1989).   Furthermore, a witness's specialized knowledge that assists the jury in understanding facts at issue, such as drug quantities as they pertain to distribution, is permissible under Rule 704 has long been held permissible under Tenth Circuit precedent.  *See United States v. Muldrow*, 19 F.3d 1332 (10th Cir. 1994); *United States v. Dirden*, 38 F.3d 1131 (10th Cir. 1994); *United States v. Deninno*, 29 F.3d 572 (10th Cir. 1994), as amended (Aug. 8, 1994); *United States v. McDonald*, 933 F.3d 1519, 1522 (10th Cir. 1991*); United States v. Mundy*, 97 F.App'x 844 (10th Cir. 2004).

Here, Defendant asks this Court to hold that, "Rule 704(b) excludes expert testimony that a certain class of defendants generally possess the required *mens rea* of a crime charged.  A generalization that most drug users in possession of more than 1,000 fentanyl pills intend to sell those drugs, even if to feed their own addiction, or that users of fentanyl do not have the disposable income to carry cash, so carrying cash when a defendant is a fentanyl user means that they are selling drugs or intend to sell drugs, amounts to an "opinion about whether" this alleged drug possessor has the mental state required to convict." Doc. 66 at 9-10.  In this Court's opinion and from the United States' response to Defendant's motion (Doc. 72), it does not appear the Government intends to elicit testimony as to Defendant's subjective mental state ("The government does not propose that any expert will testify directly to Defendant's mental state"). Doc. 72 at 2.

In line with Tenth Circuit precedent, the United States is instructed not to elicit testimony from Special Agent Bryan Acee expressly stating a final conclusion or inference as to Defendant's mental state and his subjective intent.  *See Richard*, 969 F.3d at 854.  Expert testimony as to facts or opinions from which the jury may conclude or infer a requisite mental state is permissible.  *Id*.  Specialized knowledge and expert testimony regarding the drug trade,

3

drug quantities, and whether such quantities are consistent with personal use or distribution is proper. *See Dirden*, 38 F.3d at 1131. While Defendant asserts that the proposed testimony concerning narcotic quantities and cash is conclusory as to the required mental state, specialized facts, knowledge, or opinions concerning drug distribution, quantities, and the drug trade from which a jury may infer a requisite mental state does not violate Rule 704(b). *Id*. The Government is precluded from eliciting testimony expressing final conclusions or inferences as to Defendant's *mens rea*, but not as to facts or opinions consistent with the witness's specialized knowledge. *Richard*, 969 F.3d at 854.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion *in Limine* for a pretrial ruling to exclude testimony related to use versus distribution quantities of drugs (Doc. 66) is **GRANTED IN PART**. This Court instructs the United States not to elicit, mention, refer to, interrogate about, or attempt to convey to the jury in any manner, either directly or indirectly, testimony that does not comply with Fed.R.Evid. 704(b) and this Court's order.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE