IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,  )
                            )
            Plaintiff,       )
                            )
     vs.                     )          Case No. 22-CR-1722-KWR
                            )
MARQUIS CRUZ,                )
                            )
            Defendant.       )

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon the United States' Notice of Potential Rule 609 Evidence to cross-examine Defendant regarding prior felony convictions  Doc. 58.  For the reasons stated herein, the Court finds that Defendant's objection is **SUSTAINED IN PART**.

## BACKGROUND

Defendant Marquis Cruz was indicted on a four count Indictment for possession with intent to distribute 40 grams and more of a mixture and substance containing fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924; using and carrying a firearm during and in relation to a drug trafficking crime, and possessing a firearm in furtherance of such crime in violation of 18 U.S.C. § 924(c)(1)(A)(i); and possession of a mixture and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 844.

## LEGAL STANDARD

Under Federal Rule of Evidence 609, to attack a witness's character for truthfulness by

evidence of a prior felony criminal conviction, the evidence "must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving…a dishonest act or false statement." Fed.R.Evid. 609(a)(1)(B); 609(a)(2).

If more than ten years have passed since a witness's conviction or release from confinement, whichever is later, evidence of a prior conviction is admissible only if, "(1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." Fed.R.Evid. 609(b).


## DISCUSSION

The United States asserts in its notice that if Defendant chooses to testify, the Government intends to cross-examine him regarding his 2015 convictions for felony terroristic threats and possession of narcotics on school property and his 2011 conviction for aggravated burglary. Doc. 58 at 1. Specifically, the Government argues the two, 2015 New Jersey convictions occurred within the past ten years and therefore cross-examination is proper under Rule 609(b). *Id.* As to the 2011 New Mexico aggravated burglary conviction, cross-examination should be permitted because it is probative of Defendant's intent in possessing the firearms in question here and is not unfairly prejudicial under Rule 609. *Id.* Defendant asserts that cross-examination regarding the two 2015 convictions is unfairly prejudicial under Rule 609(a)(1)(A), as they have little probative value in determining Defendant's truthfulness. Doc. 74 at 2-3. Additionally, Defendant's 2011 conviction also lacks probative value, which does not

outweigh its prejudicial effect according to Rule 609(b)(1).  *Id*.  This Court agrees with Defendant and sustains his objection to the Government's Rule 609 Notice.

Under Rule 609(a)(1)(B), in determining whether probative value outweighs prejudicial effect to a defendant, courts consider, "(1) the impeachment value of the defendant's prior crimes; (2) the dates of the convictions and the defendant's subsequent history; (3) the similarity between the past crime and charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility at trial."  *United States v. Phillips*, 487 F. Supp. 3d 1126, 1129 (D.N.M. 2020) citing, *United States v. Smalls*, 752 F.3d 1227, 1240 (10th Cir. 2014). While the Tenth Circuit has not decided which party bears the burden, other federal circuits have placed the burden on the Government.  *Id*. citing, 28 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 6134, at n.100 (2d ed. 2020) (citing *United States v. Bagley*, 772 F.2d 482, 487 (9th Cir. 1985); *United States v. Lipscomb*, 702 F.2d 1049, 1063 (D.C. Cir. 1983); *United States v. Klendra*, 663 F.2d 349, 353 n.1 (1st Cir. 1981); and *United States v. Hayes*, 553 F.2d 824, 828 (2d Cir. 1977)).

As to Defendant's three prior felony convictions for terroristic threats, possession of narcotics on school property, and aggravated burglary, this Court finds admission of these convictions for impeachment purposes fails the Rule 609 balancing test.  As to the impeachment value, "a prior conviction is more likely to be admissible where it involves a crime that bears on defendant's credibility."  *United States v. Walker*, No. 23-CR-311-JFH, 2024 WL 182285 * 5 (N.D. Okla. Jan. 17, 2024) citing, *United States v. Ahaisse*, No. 2020-CR-0106-CVE, 2021 WL 2290574, at *1, *2 (N. D. Okla. June 4, 2021).  The United States has not established how Defendant's prior convictions for felony terroristic threats, possession of narcotics on school

property, or aggravated burglary bear on Defendant's credibility.[1]  *United States v. Barker*, No. 21-CR-175, 2023 WL 2663241, at *4 (E. D. Okla. March 28, 2023).  Crimes of violence generally have lower probative value in determining credibility.  *Gordon v. United States*, 383 F.2d 936, 940 (D.C. Cir. 1967); *Furtado v. Bishop*, 604 F.2d 80, 93–94 (1st Cir. 1979).  While the Tenth Circuit has previously held that aggravated robbery was properly admitted for impeachment purposes under Rule 609 because it "cast doubt on the robber's regard for truth[,]" *Halbert* predates the Tenth Circuit's *Smalls* decision.  *United States v. Halbert*, 668 F.2d 489, 495 (10th Cir. 1982).  Therefore, this Court finds Defendant's prior felony convictions are not probative of truthfulness or credibility and as such, lack impeachment value.

As to temporal proximity, convictions greater than ten years old are generally excluded for impeachment purposes.  Fed.R.Evid. 609.  While Defendant's 2015 convictions are within this admissible ten-year period, they occurred seven or eight years prior to the instant offenses.  These convictions likely do not have sufficient temporal proximity to the charges Defendant faces here to be relevant and probative as to truthfulness.  *United States v. Briscoe*, No. 20-CR-1777 MV, 2023 WL 8237269 (D.N.M. Nov. 28, 2023) citing, *United States v. Fountain*, 642 F.2d 1083, 1093 (7th Cir. 1981).  Concerning Defendant's 2011 aggravated burglary conviction, under Rule 609(b), since thirteen years have passed since Defendant's conviction or release from confinement, evidence is only admissible if its probative value substantially outweighs its prejudicial effect.  Fed.R.Evid. 609(b)(1).  The United States has not established how the probative value of Defendant's aggravated burglary conviction substantially outweighs its prejudicial effect.  Therefore, this Court finds this factor weighs against admission under Rule

---

[1] Under the New Jersey Code of Criminal Justice, the crime of felony terroristic threats is defined as, "any crime of violence with the purpose to terrorize another or to cause evacuation of a building, place of assembly, or facility of public transportation, or otherwise to cause serious public inconvenience, or in reckless disregard of the risk of causing such terror or inconvenience."  NJ Rev Stat § 2C:12-3 (2020).

609 for impeachment purposes.

Regarding similarity between these prior convictions and the current crimes charged, this factor especially weighs against admission for impeachment purposes as to Defendant's possession of narcotics on school property conviction.  "The greater the similarity of the charged crime to the past crime, the higher the likelihood that a jury will be tempted to infer criminal propensity, rather than use the information for its intended purpose – impeachment of credibility."  *Id.* citing, *Ahaisse*, No. 2020-CR-0106-CVE, 2021 WL 2290574, at *2 citing, *United States v. Caldwell*, 760 F.3d 267, 287 (3d Cir. 2014); *United States v. Chaco*, 801 F. Supp. 2d 1217, 1228 (D.N.M. 2011).  While felony terroristic threats and aggravated burglary bear no relation to the charges Defendant faces here, Defendant's possession of narcotics on school property conviction does.  Introduction of Defendant's prior drug conviction for impeachment purposes risks criminal propensity prejudice as to the drug-related charges Defendant faces in this case.

As to the fourth factor, the importance of testimony, "the Court must determine whether the apprehension of potential impeachment by prior convictions will cause Defendant to abstain from testifying, thus damaging his right to a full defense."  *Ahaisse*, No. 2020-CR-0106-CVE, 2021 WL 2290574, at *3.  Other courts have interpreted this *Smalls* factor to consider whether a defendant's testimony is critical to a trial.  *United States v. Romero*, No. 21-CR-00559-JCH, 2023 WL 2413812 * 5 (D.N.M. Mar. 8, 2023).  Here, Defendant asserts the United States will rely on expert testimony rather than eyewitnesses, and therefore, Defendant's testimony bears little importance.  Doc. 74 at 4.  Since Defendant's testimony is not central to this trial, this factor weighs in favor of admission.

Under the final factor, the centrality of credibility, "the Court must consider whether

defendant's credibility is a material consideration for the jury. Impeachment by prior conviction is not as important if defendant's anticipated testimony will not be central to a jury determination." *Ahaisse*, No. 2020-CR-0106-CVE, 2021 WL 2290574, at *3. "If a defendant's credibility is central to the trial, jurors should have access to information that will allow them to properly assess the defendant's testimony." *United States v. Briscoe*, No. 20-CR-1777 MV, 2023 WL 8237269 * 4 (D.N.M. Nov. 28, 2023) citing, *United States v. Johnson*, 720 F.2d 519, 522 (8th Cir. 1983); Weinstein's Federal Evidence § 609.5 (3)(f); *Ahaisse*, 2021 WL 2290574, at *3. Here, Defendant's credibility is not at issue nor is his testimony, if given, central to a jury determination. Doc. 74 at 4. Defendant faces several charges including, possession with intent to distribute 40 grams and more of a mixture and substance containing fentanyl; felon in possession of a firearm and ammunition; using and carrying a firearm during and in relation to a drug trafficking crime; and possessing a firearm in furtherance of such crime; and possession of a mixture and substance containing a detectable amount of methamphetamine. Doc. 2. Given the charges Defendant faces, his credibility is not a material consideration for the jury. Therefore, this Court finds this factor weighs against admission of Defendant's prior convictions for impeachment purposes.

In light of these *Smalls* factors, this Court finds the probative value of the evidence does not outweigh its prejudicial effect. Fed. R. Evid. 609(a)(1)(B). Impeachment value, similarity, temporal proximity, and centrality of Defendant's credibility all weigh against admission of Defendant's prior felony convictions for impeachment purposes. Admission of these convictions for impeachment purposes carries little probative value that does not outweigh its prejudicial effect. Furthermore, the probative value of Defendant's 2011 felony conviction fails to substantially outweigh its prejudicial effect. Associating Defendant with his prior felony

6

terroristic threats, possession of narcotics on school property, and aggravated burglary convictions in a wholly unrelated narcotics and firearm case would be inappropriate given the lack of probative value.  Defendant has stipulated to his prior felony convictions and therefore, should he choose to testify, the United States is permitted to cross-examine Defendant without naming his prior felony convictions or using them for impeachment purposes.

<b>CONCLUSION</b>

**IT IS THEREFORE ORDERED** that Defendant's objection to Government's Notice of Proposed Rule 609 (Doc. 58) is **SUSTAINED IN PART**.  This Court instructs the United States not to elicit, mention, refer to, interrogate about, or attempt to convey to the jury in any manner, either directly or indirectly, testimony that does not comply with Fed.R.Evid. 609 and this Court's order.

KEA W. RIGGS
UNITED STATES DISTRICT JUDGE