IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    vs.                                                                                                    1:22-cr-01722-KWR

MARQUIS CRUZ,

    Defendant.

### AMENDED ORDER OVERRULING OBJECTION TO PRESENTENCE REPORT

THIS MATTER comes before the Court on Defendant's Objection to the Presentence Investigation Report (Doc. 110). Having reviewed the parties' briefing and the applicable law, the Court finds Defendant's objection is not well taken and therefore, is **OVERRULED.**

Defendant raises one limited legal objection to the PSR. The PSR determined that he is a career offender pursuant to USSG 4B1.1 *et al.* because of two prior convictions: one for drug trafficking in a school zone and the other for a crime of violence, a threat to kill under NJSA § 2C:12-3(b). Defendant asserts that the New Jersey threat to kill conviction is not a crime of violence pursuant to *Borden,* as it can be committed with a mens rea of recklessness. The Court disagrees. The New Jersey threat to kill conviction under NJSA § 2C:12-3(b) categorically is a crime of violence, and it cannot be committed with a mens rea of recklessness. Rather, it requires a mens rea of purposefulness. Defendant's objection is therefore overruled.

In this federal case, Defendant pleaded guilty to the following counts:

Count I: Possession with Intent to Distribute Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C);

Count II: Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924; and

Count III: Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A)(i).

The PSR determined that the career offender designation under USSG 4B1.1 and 4B1.2 applied in this case. The career offender designation raised both the offense level and criminal history category and resulted in a higher guideline range.  Because he pleaded guilty to a § 924(c) conviction as a career offender, his guideline range is 292 to 365 months' imprisonment.  USSG § 4B1.1(c)(3); Addendum to Presentence Report, Doc. 97.

The PSR stated that Defendant was previously convicted in New Jersey state court under NJSA § 2C:12-3(b) for a threat to kill.  PSR, Doc. 95 at ¶ 37. The PSR stated that the charging document indicates that on March 31, 2015, the Defendant threatened to kill victim M.T. *Id.* Defendant did not specifically dispute these factual assertions in the PSR.

"If a defendant fails to specifically object to a fact in the PSR, the fact is deemed admitted by the defendant and the government need not produce additional evidence in support of the admitted fact." *United States v. Hooks*, 551 F.3d 1205, 1217 (10th Cir. 2009). But "[w]hen a defendant objects to a fact in a [PSR]" and notifies the sentencing court that the fact is disputed, "the government must prove that fact at a sentencing hearing by a preponderance of the evidence." *United States v. Barnett*, 828 F.3d 1189, 1192 (10th Cir. 2016) (quotations omitted); *see* Fed. R. Crim. P. 32(i)(3). "The government can meet its burden by either presenting new evidence at sentencing or referring to evidence presented at trial." *United States v. McDonald*, 43 F.4th 1090, 1095 (10th Cir. 2022).  A defendant objects to a fact in the PSR by "mak[ing] *specific allegations of factual inaccuracy*" rather than challenging only "the ultimate conclusions in the [PSR]" or "the

2

inferences to be drawn" from the facts. *Barnett*, 828 F.3d at 1192-93, 1195 (quotations omitted). "[T]he test is whether the district court was adequately alerted to the [factual] issue." *United States v. Harrison*, 743 F.3d 760, 763 (10th Cir. 2014). "If a PSR is *not* disputed in this fashion, it is well established that a district court is free to rely on the PSR at sentencing." *United States v. Warren*, 737 F.3d 1278, 1285–86 (10th Cir. 2013).

Here, Defendant does not specifically challenge the PSR's factual finding that he was convicted under subsection (b) of NJSA § 2C:12-3, or provide any information to cast doubt on the PSR's factual assertion. Rather, he appears to make a legal argument that the New Jersey threat statute is not divisible and is categorically not a crime of violence, as subsection (a) of NJSA § 2C:12-3 may be committed with a mens rea of recklessness. Therefore, the Court may rely on the PSR's factual finding regarding his conviction.[1]

Defendant objects to the career offender designation under USSG §§ 4B1.1 and 4B1.2. "A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant

---

[1] Alternatively, only assuming Defendant had properly disputed this fact, the Court may take judicial notice of the docket sheet in his state criminal proceeding. *See United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (exercising discretion "to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand") (citation omitted); *see also* Fed. R. Evid. 201(d) ("The Court may take judicial notice at any stage of the proceeding."); *See Binford v. United States*, 436 F.3d 1252,1256 n.7 (10th Cir. 2006) (courts may take judicial notice of facts that are a matter of public record) (citations omitted); *Stack v. McCotter*, No. 02-4157, 79 Fed.Appx. 383, 391, 2003 WL 22422416 (10th Cir. October 24, 2003) (unpublished) (federal court may take judicial notice of docket sheet entries in related state court proceeding). The docket sheet expressly states that he was convicted under N.J. Stat. Ann. § 2C:12-3(b), which was described as "Terrorist Threats-Threaten Imminent Death – Purp Fear." *See* https://www.njcourts.gov/public/find-a-case (last accessed December 11, 2024).

has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. 4B1.1.

"The term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that…has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. 4B1.2. In *Borden*, a plurality of the Supreme Court held that a crime that can be committed recklessly categorically does not have "as an element the use, attempted use, or threatened use of physical force against the person of another." *Borden v. United States*, 593 U.S. 420, 423, 141 S. Ct. 1817, 1821–22, 1825, 1834, 210 L. Ed. 2d 63 (2021) (holding Tennessee conviction for reckless aggravated assault categorically did not qualify as a "violent felony" under 18 U.S.C. § 924(e)(2)(B)(i)'s elements clause). Therefore, if Defendant's conviction under section (b) of N.J. Stat. Ann. § 2C:12-3 can be committed with a mens rea of recklessness, then it is not a crime of violence.

Defendant asserts that his prior conviction for threat to kill under is not a crime of violence. Defendant does not challenge the PSR's factual determination that he was convicted under NJSA § 2C:12-3(b). Rather, Defendant appears to assert that the New Jersey threat statute is not divisible, therefore under the categorical approach it is not a crime of violence as an offense under subsection (a) of NJSA § 2C:12-3 can be committed with a mens rea of recklessness.

The New Jersey threat statute provides:

a. A person is guilty of a crime of the third degree if he threatens to commit any crime of violence with the purpose to terrorize another or to cause evacuation of a building, place of assembly, or facility of public transportation, or otherwise to cause serious public inconvenience, or in reckless disregard of the risk of causing such terror or inconvenience…

b. A person is guilty of a crime of the third degree if he threatens to kill another with the purpose to put him in imminent fear of death under circumstances reasonably causing the victim to believe the immediacy of the threat and the likelihood that it will be carried out.

4

N.J. Stat. Ann. § 2C:12-3. Thus, a criminal offense under subsection (a) may be committed with a mens rea of recklessness, while a threat to kill offense under subsection (b) must be committed with a mens rea of purposefulness.

"To determine whether a prior offense constitutes a crime of violence, we apply either the categorical approach or the modified categorical approach." *United States v. Wilkins*, 30 F.4th 1198, 1201 (10th Cir. 2022) "Under the categorical approach, we compare the underlying state statute to the guidelines' definition of a 'crime of violence.' If the statute sweeps beyond the guidelines' definition of a "crime of violence," we wouldn't consider the offense a crime of violence." *Id.* (internal citations omitted).

"The categorical approach focuses on the elements of the prior offense of conviction and not on the defendant's actual conduct underlying that prior conviction." *United States v. Devereaux*, 91 F.4th 1361, 1364 (10th Cir. 2024) "If some conduct that would be a crime under the statute [of prior conviction] would not be a 'crime of violence' under § 4B1.2(a), then any conviction under that statute will not qualify as a 'crime of violence' for a sentence enhancement under the Guidelines, regardless of whether the conduct that led to a defendant's prior conviction was in fact violent." *United States v. Maloid*, 71 F.4th 795, 805 (10th Cir. 2023), *cert. denied*, 144 S. Ct. 1035, 218 L. Ed. 2d 189 (2024)

Under the pure categorical approach, the threat to kill offense clearly satisfies the *Borden* requirement, as it can only be committed purposefully. The New Jersey threat statute under subsection (b) expressly requires a mens rea of purposefulness, and omits any reference to recklessness. "Purpose is the most culpable level in the standard mental-state hierarchy, and the hardest to prove. A person acts purposefully when he "consciously desires" a result—so here,

when he wants his words to be received as threats." *Counterman v. Colorado*, 600 U.S. 66, 78–79, 143 S. Ct. 2106, 2117, 216 L. Ed. 2d 775 (2023).

Defendant asserts that the threat statute under subsection (a) includes a mens rea of recklessness, therefore the crime at issue is categorically not a crime of violence. But Defendant did not object to the PSR's factual finding that he was convicted under subsection (b). Defendant appears to assert that the threat statute is not divisible. The Court disagrees as it is clear on the face of the statute that N.J. Stat. Ann. § 2C:12-3 asserts two separate offenses, one under subsection (a) and the other under subsection (b).

For example, the federal assault statute, 18 U.S.C. § 113(a) sets forth eight separate assault offenses, each with different elements and different punishments. *See* § 113(a)(1)-(8). The Tenth Circuit noted that these subsections were clearly divisible. *United States v. Devereaux*, 91 F.4th 1361, 1367 (10th Cir. 2024). Similarly, here subsections (a) and (b) are treated as separate crimes by the plain language of the statute, as both begin with "[a] person is guilty of a crime of the third degree…" N.J. Stat. Ann. § 2C:12-3(a), (b). Both subsections set forth their own, separate elements.

Alternatively, even assuming the Court should apply the modified categorical approach, the Court concludes that the threat statute is clearly divisible and subsection (b) of N.J. Stat. Ann. § 2C:12-3 does not have recklessness as a mens rea element.

At issue in the divisibility inquiry is whether a statute sets forth separate elements and therefore separate crimes, or merely sets forth different ways of committing a single crime. *United States v. Wilkins*, 30 F.4th 1198, 1202 (10th Cir. 2022). As explained below, subsections (a) and (b) clearly set forth different and separate elements supporting separate offenses.

The Tenth Circuit set forth this inquiry as follows:

6

> A statute is "divisible," creating multiple crimes, when the statute "sets out one or more *elements* of the offense in the alternative." *Descamps v. United States*, 570 U.S. 254, 257, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013) (emphasis added). But disjunctively listed statutory components do not automatically qualify as elements. *United States v. Titties*, 852 F.3d 1257, 1267 (10th Cir. 2017). When the statute merely lists "various factual ways of committing some component of the offense," the statutory components are considered *means* rather than *elements*. *Id.* (internal quotation marks & citation omitted). A statute is divisible only when it lists "multiple, alternative elements, and so effectively creates several different ... crimes." *Id.* (internal quotation marks & citation omitted).
>
> If the statute is divisible, creating multiple crimes, the district court applies the modified categorical approach to determine which crime was committed. *Id.* To make that determination, the court consults a limited class of record documents. *Id.* at 1266. Once the court determines which crime the defendant committed, the court compares the elements of that crime to the guidelines' definition of a "crime of violence." *Id.*

*United States v. Wilkins*, 30 F.4th 1198, 1202 (10th Cir. 2022).

"To determine whether the statutory components constitute elements, we start by considering the pertinent state's caselaw, the pattern jury instructions, and the statute itself.". *Wilkins*, 30 F.4th at 1203–04. "If those sources show with certainty whether the separate statutory components constitute elements or means, the inquiry ends. If the characterization remains uncertain, the court can "peek" at the record to determine whether the statutory components constitute elements or means. *Id.* at 1204 (internal citations omitted). "Under that approach, a sentencing court [first] looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of. After making that determination, the court can then apply the categorical approach to determine whether that offense of conviction qualifies as a 'crime of violence.'" *United States v. Devereaux*, 91 F.4th 1361, 1365 (10th Cir. 2024) (internal citations and quotation marks omitted).

7

First, as explained above, N.J. Stat. Ann. § 2C:12-3 on its face clearly articulates separate offenses under subsections (a) and (b). A "statute on its face may resolve the" elements-versus-means question. *Mathis,* 579 U.S. at 518, 136 S.Ct. 2243. "The alternative statutory components, listed in separate numbered paragraphs, involve not only different conduct but also different elements. The inclusion of different sets of mens rea elements is strong evidence that the [] statute is divisible," involving a difference in elements rather than means." *United States v. Wilkins*, 30 F.4th 1198, 1206–07 (10th Cir. 2022), *citing Martin v. Kline*, No. 19-15605, 2021 WL 6102175, at *1 (9th Cir. Dec. 22, 2021) (unpublished) *and United States v. Garrett*, 24 F.4th 485, 489 (5th Cir. 2022) (reasoning that the statutory components in Texas's robbery statute constitute elements in part because of the different mental states for robbery-by-injury and robbery-by-threat)."If statutory alternatives carry different punishments, then under Apprendi[ v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000),] they must be elements." *Id.*  Here, Subsection (a) and (b) are treated as separate crimes by the plain language of the statute, as both begin with "A person is guilty of a crime of the third degree…"   Moreover, the subsections articulate separate elements. Notably, subsection (a) expressly states that a person may be convicted under that subsection if the Defendant acts in reckless disregard of the risk of causing terror or inconvenience. This language is absent from a subsection (b) crime of threatening to kill, which instead requires that a defendant act "with the purpose to put [the victim] in imminent fear of death…"  *Id.*  Thus, a plain reading of the statute provides that a subsection (b) conviction requires that a defendant acts purposely, not recklessly.  Therefore, the face of the statute is clear that subsections (a) and (b) are divisible with separate elements.

Second, the case law is clear that a threat to kill under N.J. Stat. Ann. § 2C:12-3(b) has its own separate elements which do not include a mens rea of recklessness.  New Jersey courts have

described the elements of a threat to kill offense under subsection (b) as follows: "The three essential elements [of a threat to kill crime] that must be proven beyond a reasonable doubt are: (1) defendant made a threat to kill another person; (2) the threat was made with the purpose to put the person in imminent fear of death under circumstances which reasonably caused the person to believe the threat was immediate; and (3) the threat was made under circumstances that reasonably caused the threatened person to believe it was likely to be carried out." *State v. Tompkins*, No. A-0142-04T3, 2006 WL 1085711, at *5 (N.J. Super. Ct. App. Div. Apr. 26, 2006), *citing See Smith, supra,* 262 *N.J.Super.* at 516.  "Purpose is the most culpable level in the standard mental-state hierarchy, and the hardest to prove. A person acts purposefully when he "consciously desires" a result—so here, when he wants his words to be received as threats." *Counterman v. Colorado*, 600 U.S. 66, 78–79, 143 S. Ct. 2106, 2117, 216 L. Ed. 2d 775 (2023), *United States v. Bailey*, 444 U.S. 394, 404, 100 S.Ct. 624, 62 L.Ed.2d 575 (1980).

Finally, New Jersey's Model Criminal Jury Instructions contain separate jury instructions for N.J. Stat. Ann. § 2C:12-3 (a) and (b) offenses. Under subsection (b), the jury is required to find that "the threat was made with the purpose to put the person in imminent fear of death." TERRORISTIC THREATS (THREATS TO KILL) (N.J.S.A. 2C:12-3(b)), NJ J.I. CRIM 2C:12-3(b). "A person acts purposely with respect to the nature of his/her conduct or a result thereof if it is his/her conscious object to engage in conduct of that nature or to cause such a result." *Id.* The instructions under section (b) do not instruct on recklessness.

Therefore, subsection (a) and (b) of N.J. Stat. Ann. § 2C:12-3 are clearly divisible, assert separate elements, and assert clear, separate offenses. "Once the relevant elements are identified [under the modified categorical approach], the court applies the categorical approach." *United States v. Titties*, 852 F.3d 1257, 1266 (10th Cir. 2017).  Defendant did not object to the PSR's

9

factual determination that he was convicted under subsection (b), which as explained above requires that a defendant act purposefully and does not allow a conviction for reckless conduct.

Therefore, Defendant's *Borden* objection is overruled, as recklessness is not an element of Defendant's conviction for a threat to kill offense under N.J. Stat. Ann. § 2C:12-3(b).

**IT IS THEREFORE ORDERED** that Defendant's Objection to the Presentence Investigation Report **(Doc. 110)** is **OVERRULED.**

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE